NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD LEE MCNEIL, | No. 17-56839 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-04598-AB-JPR |
| v. | |
| A. ASUNCION, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted May 16, 2019**
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and BAYLSON,*** District Judge.

California state prisoner Gerald McNeil appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

for attempted murder and attempting to dissuade a witness. As the parties are familiar with the facts, we do not recount them here. We affirm.

We review de novo a district court's denial of a habeas petition. *Rowland v. Chappell*, 876 F.3d 1174, 1180 (9th Cir. 2017). Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under AEDPA, when a state court has decided a claim on the merits, we may grant relief only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This standard is "highly deferential" and "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011) (citations omitted).

1. McNeil argues that he was deprived of his confrontation and due process constitutional rights when the trial court allowed a witness, Crystal Goodridge, to refuse to name the person who told her about a purported bribe from McNeil's family. The confrontation and due process clauses give criminal defendants the right to cross-examine witnesses. *See Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986); *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974); *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). However, "trial judges retain wide latitude . . . to

2

impose reasonable limits on such cross-examination," and the constitution only "guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Van Arsdall*, 475 U.S. at 679 (emphasis in original) (citation omitted).

The California Court of Appeal reasonably determined that McNeil's constitutional rights were not violated by the trial court declining to strike Goodridge's testimony after she refused to name the person who told her about the offer from McNeil's family. Defense counsel was able to otherwise extensively cross-examine Goodridge about the offer, the trial court instructed the jury that Goodridge's testimony about the offer was limited to her credibility and not for the truth of the offer's existence, and during closing argument defense counsel was able to use Goodridge's refusal to cast doubt on her credibility.

McNeil argues that the California Court of Appeal incorrectly used a "collateral issues" test by noting that a trial court is not required to strike a witness's entire testimony if the question she refuses to answer pertains to a "collateral" matter, "such as credibility." However, it is unnecessary to reach whether the California Court of Appeal's statement about collateral matters conflicts with U.S. Supreme Court precedent because the Court of Appeal reasonably concluded that defense counsel had an adequate opportunity to cross-examine Goodridge, despite her refusal to say who told her about the offer.

Therefore, the California Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

2. McNeil also argues that the California Court of Appeal unreasonably determined the facts under 28 U.S.C. § 2254(d)(2) when it stated that "[t]he evidence about [Goodridge] learning of the offer was presented to the jury for the sole purpose of showing its effect on her state of mind, and was therefore relevant to her credibility." McNeil waived this issue because he failed to raise it in the district court. *See Miles v. Ryan*, 713 F.3d 477, 494 n.19 (9th Cir. 2013). Moreover, McNeil's argument is unpersuasive because the California Court of Appeal's statement was not an unreasonable determination of the facts.

**AFFIRMED**.